15198

McDONALD *ET AL.* v. PALMETTO THEATRES *ET AL.*

(18 S. E. (2d), 602)

*Messrs. Wise & Whaley* for appellants,

*Messrs. Harold C. Seigler* and *T. K. McDonald* for respondent,

January 13, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

The following is taken from the statement appearing in the Record: "On June 28, 1937, A. H. McDonald was injured by an accident and he was paid Workmen's Compensation up until May 5, 1938, when he died. Appellants denied liability for the death of deceased. Thereafter, the alleged present wife of deceased, Mrs. Bessie McDonald, respondents and appellants, executed compensation agreements, subject to the determination of the proper dependents by South Carolina Industrial Commission, to accept compensation under Section 37 of the Workmen's Compensatin Act. Act July 17, 1935, 39 St. at Large, p. 1250. After several continuances a hearing was held by Commissioner Hyatt of the South Carolina Industrial Commission and notice of such hearing was given to all interested parties. Commissioner Hyatt issued an award giving the benefits under the compensation agreements to the two daughters of deceased. From this award there was an appeal only by the respondent, Mrs. Wright, but that appeal was limited solely to the question of the distribution of the award and was not otherwise concerned with the findings. Before that appeal was heard, it having been continued several times, respondents filed a notice of death claim. A hearing on this death claim was then held by Commissioner Martin, after the scheduled hearing of the appeal from Mr. Hyatt's award was postponed or held in abeyance. Commissioner Martin made an award granting to respondents full death benefits, from which appellants appealed to the full commission. The full commission reversed Commissioner Martin and held

that the death was not compensable. From this award respondents appealed to the Circuit Court for Richland County. After argument before Judge Bellinger he passed an order reversing the award of the full commission and reinstated the award of Commissioner Martin granting compensation for death benefits to respondents. From that order comes this appeal."

There are cross appeals from the order of the Circuit Court settling the case for appeal. The order is in the Record and contains in substance the matters objected to by the parties, respectively; upon examination it is found that consideration of them is unnecessary for the determination of the main appeal, so neither party is prejudiced and the additional printing caused by the appeals is negligible; thus they need not be considered by this Court and both of said appeals are, therefore, dismissed.

The exceptions in the main appeal properly raise the several questions stated and argued in appellants' brief but, under the view we take, consideration of all of them is not necessary for this decision. Separate questions are stated by respondents and, similarly, all such requiring consideration will be disposed of in what will be said.

Appellants' application to the full commission for review of the findings and award of the hearing commissioner was based upon the written grounds following: "1. That the award of Commissioner Martin is contrary to the law and evidence. 2. That the commissioner erred in failing to sustain the objection that this matter was *res adjudicata* by reason of a previous award from which no appeal was taken. 3. That it was error to refuse to deny the motion to dismiss this claim for the reasons stated in the Record."

In his judgment by which he undertook to reverse the full commission and reinstate the award of the hearing commissioner, the learned Circuit Judge held under the cited authority of *Ham v. Mullins Lumber Company,* 193 S. C.,

66, 7 S. E. (2d), 712, 715, that the above-quoted first and third grounds of the appellants were too general and should on that account not have been considered by the full commission; and as to the second ground, *res judicata,* he held that the commission had in effect overruled it in going ahead and making a new set of findings and there being no appeal to the Circuit Court therefrom, it was not properly before him.

In considering the sufficiency of the grounds for review of the findings and award of the hearing commissioner by the full commission it must be kept in mind that the intention of the Compensation Acts is to provide simplicity of procedure. Such is expressed in Section 54 of our Act wherein it is provided that "Process and Procedure * * * shall be as summary and simple as reasonably may be." And there are no forms of pleading and no statute or rule of the commission applicable to the form and contents of an application for review. See Section 59.

It is said in 71 Corpus Juris, 353; "The rule of liberal construction has been said to be especially true with reference to the procedure provided for in the Act and to the rules of procedure promulgated by the industrial commission; and other cases likewise hold that procedural provisions should not be technically construed."

We are constrained to hold that the Court below erred in declaring that the *Ham case, supra,* is applicable to and controlling of this case. There the defendants appealed from the award of the hearing commissioner "on a single exception * * * that the award is contrary to the * * * Act, in that there was no showing of an election to come within the terms of the Act by the deceased employee." Despite this definite limitation of the scope of the ground upon which the review was sought, the majority of the full commission, without participation or argument of counsel therein, reviewed the entire case and made complete and

fresh findings of fact and law. This Court affirmed the finding of the Circuit Court that such course on the part of the commission was error.

But in this case we think that we need go no further than the first ground for review, "that the award * * * is contrary to the law and the evidence," to sustain the commission in their course in reviewing all of the evidence and, as the Court below said, making a new set of findings, particularly in the absence of statute or rule prescribing the form or content of the grounds or exceptions. Because of the latter consideration such grounds and exceptions may not fairly be tested by the standard of the contents of exceptions to this or other Court in appeals from inferior Courts where applicable statutes or rules exist.

It may be added that it appears that counsel for the claimants, respondents, made their point that in their view the hearing by the full commission should have been confined to the second ground for review, the question of *res judicata,* and did not waive such position, but nevertheless participated in the general review of the record, including the evidence.

This brings us to the merits of the appeal from the findings and award of the full commission, particularly in view of the sustaining grounds submitted by respondents to uphold the decision of the Circuit Court, all of which go to the findings of fact by the majority of the commission. Briefly stated the controversy was whether the death of the employee was solely due to a disease existing before the accidental injury in the course of his employment or whether death was caused, contributed to or accelerated by the accidental injury. Careful consideration of the record leaves us without doubt that there was substantial competent evidence upon which the commission based its finding thereabout, particularly in the testimony of the pathologist who made a post mortem examination of the deceased.

Under these circumstances this finding of fact of the commission is not subject to review by this Court. *Rudd v. Fairforest Finishing Co.*, 189 S. C., 188, 200 S. E., 727, and cases therein cited; *Layton v. Hammond-Brown-Jennings Co.*, 190 S. C., 425, 3 S. E. (2d), 492; *Ham v. Mullins Lumber Company, supra.*

The judgment of the Circuit Court is reversed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.