June 28, 1941. The opinion of the Court was delivered by
This appeal is from an order of the Circuit Court affirming an award of workmen's compensation to the respondent by the Industrial Commission. The Circuit decree sufficiently states the case and will be reported as a part of the judgment of this Court.
Appellant states four questions as being raised by its exceptions, the first two of which in effect are that there was no proper testimony before the hearing commissioner and, on review, before the full commission upon which to base a finding that claimant's hernia did not exist before the accident which occurred in the course of his employment by appellant and especially that it appeared suddenly; and the third and fourth questions complain that there has been no direct adjudication of the untruthfulness of appellant's witnesses, for lack of which the award was improper and void, and constitutes a denial of due process of law. *Page 430 
We have carefully considered the record and are of the opinion that the trial Judge reached the correct conclusion. The rule that if the commission had before it any competent evidence to support its findings of fact the latter are binding upon the Courts is so well established that it is hardly necessary to cite authority. It was very recently restated in Cokeley v. Lee, S.C. 14 S.E.2d 889, decided May 27, 1941. To the precedents there cited may be added the recent decision of McDonald v. Palmetto Theatres,196 S.C. 460, 13 S.E.2d 602.
Appellant's able counsel are, of course, thoroughly familiar with this rule, but they argue that this Court varied it in the decision in Baker v. Graniteville Co.,197 S.C. 21, 14 S.E.2d 367, 371, and there held in effect that there must be an express finding of fact by the commission supported by the evidence upon which it is purportedly based, and that there was in fact no finding in the case now under appeal that the hernia in question suddenly appeared, as required by the Act. But we find in the award of the hearing commissioner, affirmed in this respect by the full commission, under the heading of conclusions of law, the definite finding that all of the requirements of Section 2(r) of the Act were satisfactorily proven, itemizing and quoting the requirements, including that the hernia must have appeared suddenly. We do not agree with the contention that because the conclusion is not set forth under the findings of fact it cannot be so considered. The proceedings by and before the commission are summary and may be informal (McDonald v. Palmetto Theatres, supra), in the words of the Act "as summary and simple as reasonably may be." § 54, 39 St. at Large, p. 1257.
That the accepted rule referred to was not impinged but followed in the Baker case, supra, is demonstrated by the last statement of the Court in its order on petition for rehearing of that case, as follows: "The petition has prompted a complete review of the record in this case. However, a re-examination convinces us anew that there is no competent *Page 431 
evidence from which a reasonable inference can be drawn that the blow upon the arm accelerated or aggravated the pre-existing disease of erysipelas which caused the death of claimant's husband."
As pointed out in the Circuit decree, the evidence was in sharp conflict as to whether the hernia suddenly appeared, particularly as to the alleged admission by the claimant concerning it; but such conflict presented a problem, as above indicated, for the commission and not for the Court. And that fact-finding body was under no duty or obligation to specify which evidence or which witnesses it believed or which it disbelieved. The commission recounted in its decision its very proper procedure in reversing a conclusion of the hearing commissioner whereby he disregarded the written evidence of the aforementioned admission and said "the Commission has taken cognizance of the affidavit and considered it together with all the other evidence * * *"
Appellant's exceptions to the judgment of the Circuit Court are overruled and it is affirmed.
The Circuit decree will be reported herewith.
MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.