15310

KING v. WESNER

(16 S. E. (2d), 289)

52

54

58

*Mr. James A. Moss,* of Orangeburg, for appellants,

*Messrs. Zeigler & Brailsford,* of Orangeburg, for respondent,

August 19, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

This is an appeal from an order of his Honor, Judge Lide, affirming an award of the Industrial Commission in the case of the death on August 9, 1939, of Heber L. King,

an employee of Cameron Bedding and Manufacturing Company. The order will be reported. In our opinion it properly disposes of the issues stated.

Although the exceptions of the appellants do not raise them, they state in argument questions which the respondent correctly contends were not presented in the Circuit Court and on that account cannot be considered here. They are set forth in respondent's brief in shorter form than in appellants' statement of questions, as follows:

"Should the award be set aside and the proceeding dismissed on the ground that no application for a hearing was made to the commission or on the ground that there is no party-plaintiff to the proceeding?

"Should the proceeding be remanded or dismissed for defect of parties-plaintiff?"

It appears that no report of the fatal accident was made by the employers and the fact of it was first brought to the attention of the commission by the investigator for it and the notices of the hearings were improperly captioned, carrying the name of the deceased as the plaintiff and the firm name of the employers instead of the individuals composing the partnership. The fact of the latter, however, appears affirmatively in the record by the formal statement of the able counsel who represented the employers at the commission hearings, before the Circuit Court on appeal and in this Court on appeal from the latter. Originally other than his present counsel appeared for the father of the deceased employee and was noted in the caption.

It is in the record that the employers formerly had compensation insurance coverage which they again obtained soon after the accident which gave rise to this proceeding, but at that time unfortunately for them they had no such insurance protection.

The Compensation Act expressly provides that the process and procedure before the Industrial Commission may "be as summary and simple as reasonably may be." Section 54. This Court has approvingly applied

this provision. *McDonald v. Palmetto Theatres,* 196 S. C., 460, 13 S. E. (2d), 602, 604; *Baker v. Graniteville Co.,* 197 S. C., 21, 14 S. E. (2d), 367. Contention cannot be reasonably made in this case that simplicity of procedure has been carried to a degree inconsistent with due process of law and without affording full opportunity to the employers, the defendants, to protect and defend their rights under the law.

The improper captions in the notices and awards of the hearing commissioner and the commission do not even raise a well-founded suspicion, in view of the contents of the record, that the employers were not fully and well represented by their counsel who appeared for them, as has been stated, and contested practically every inch of the way. It is noted that at the hearings before the commission counsel declined to make the usual admissions of employment, etc., but finally, with some apparent reluctance, made this statement, "We will admit we were operating under the Workmen's Compensation Act."

We think that the questions referred to should have been made before the commission and the Court below, particularly in view of the provision in the Act, Section 24, that claim must be filed with the commission within one year after the accidental death of an employee, which time has twice elapsed in this case during its tortuous course through the commission and the Courts. The niceties of pleadings and process in the law Courts, desirable though they may there be, cannot be required of the commission composed of laymen without violating the spirit and philosophy of workmen's compensation. 71 C. J., 341-353, 28 R. C. L., 755-760, 826-829. *Phillips v. Dixie Stores,* 186 S. C., 374, 195 S. E., 646; *Rudd v. Fairforest Finishing Co.,* 189 S. C., 188, 200 S. E., 727; *Marchbanks v. Duke Power Co.,* 190 S. C., 336, 2 S. E. (2d), 825; *Bannister v. Shepherd,* 191 S. C., 165, 4 S. E. (2d), 7, and *Ham v. Mullins Lumber Co.,* 193 S. C., 66, 7 S. E. (2d), 712.

However, appellants strongly argue that because the record does not show the filing of a claim with the commission pursuant to Section 24, which point was made nowhere below or by exceptions here, a fatal jurisdictional defect has been pointed out, on which account the proceeding should be dismissed by this Court. For this, that the failure to file a claim under the Act is a fatal defect in the jurisdiction of the Industrial Commission, appellants cite *Palle v. Industrial Commission,* 1932, 79 Utah, 47, 7 P. (2d), 284, 285, 81 A. L. R., 1222, but it is not applicable for the decision of the Court is based upon a premise not present here; we quote: "The sufficiency of the application, or the want of one, was timely challenged by the alleged employer at the threshold of the case by demurrer and by his objection to the commission on such ground to hear the case, all of which were overruled." Here the point is made first in argument in this Court. Likewise we do not think that our case of *Cantrell v. Fowler,* 24 S. C., 424, is applicable, for in that case the suit in the Court of magistrate was by one partnership and judgment was rendered by default in favor of another.

Section 24 of the Act is more a limitation than a procedural requirement. In this case the commission proceeded to take jurisdiction and hear the controversy on its merits within the one-year limitation, and without objection of record by appellants or their counsel that the usual claim had not been filed, and no prejudice thereby to the appellants appears. There is an annotation upon the subject in 78 A. L. R., 1306, from which it appears that in the majority of jurisdictions where the point has been raised it has been held that appearance and contest on the merits, without timely objection of no or insufficient claim, constitute a waiver on the part of the employer of the filing of claim. The following is taken from page 1310 of 78 A. L. R.: "Several cases have held that an employer's failure to object before the Board or Commission to employee's

failure to give notice of the injury, or to file the claim for compensation, is a waiver of such defense."

We likewise think that appellants' objection to the form of the award, made for the first time in argument before us, although urged as a jurisdictional defect, comes too late. The award is to the father of the deceased by name "and/or mother, sister, brother" of the deceased and directs that the receipt of the award by the father shall constitute final settlement and an acquittance of the appellants. As indicated, there was no exception thereto on the appeal from the hearing commissioner to the commission, none from the commission to the Circuit Court, and in fact none from the Court to this. Were this a law case unquestionably the defendants have slept over their right, if any they had, to assert a defect of parties plaintiff. See the recent decision of *Baker v. Hartford Fire Insurance Co.*, 195 S. C., 373, 11 S. E. (2d), 434, and the authorities there cited. We think that similarly in this proceeding it is now too late for appellants to question the award in respect to its beneficiaries or raise the question of defect in plaintiffs.

The only other matter stated in the questions presented by the appellants not disposed of in the judgment on Circuit, which we have approved and adopted, is the complaint that the trial Judge was without right to direct that the judgment confirming the award be entered against the co-partners as such and not against the partnership by name as the award was stated. But counsel for the partnership had, as pointed out above, read into the record the existence of such and the names of the partners. Indeed, one of the exceptions of the employers to the Circuit Court from the award of the commission, No. 5, contains the statement that it has been "made to appear that the defendant company is a partnership composed of J. O. Wesner, W. A. Rast and A. L. Crook." Thus the defendants came into Court represented by counsel and defended the proceeding on the merits, and with the record before him the learned trial Judge properly corrected the award and judgment to

conform. Code of Civil Procedure 1932, Section 494. 5 C. J. S., Appeal and Error, §§ 1875, *et seq.*, particularly § 1881, Parties to Judgment.

Careful consideration has been given to the earnest argument of counsel and we conclude that the exceptions should be overruled and the judgment below affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.