I concur in the opinion of the Chief Justice in this case, but I think that, for practical purposes at least, the question squarely raised and strenuously argued by both parties, whether the Industrial Commission may grant and hold a rehearing of a former decision and award by it, should be decided in this appeal.
It is an interesting question and not free from difficulty, principally because the language of the Act does not expressly authorize a rehearing or new trial by the Commission. However, upon consideration, such power seems clearly necessary in order to effectuate the purposes and terms of the Act, which latter need not be now adverted to. The Commission *Page 94 
is the only and final trier of the facts and if it could not rehear or retry cases pending before it upon after-discovered evidence, it is easy to see that injustices might frequently result and the purpose and intent of Workmen's Compensation be thereby thwarted.
I think it profitable to compare the problem presented to the Court in State v. David, 14 S.C. 428, in which it was contended that the Court of General Sessions was without jurisdiction to hear the motion for a new trial upon after-discovered evidence by a convicted defendant who had already unsuccessfully presented a motion for a new trial on the ground of alleged insufficiency of the evidence, upon the minutes of the Court. It was held that the trial Court had power to entertain the contested motion, both under the applicable statute, and because, as the appellate Court said: "It belongs to these courts (referring to the Circuit Courts) as an incident to their original jurisdiction. * * *" The comment was added that in the courts of law of the American Union, a party may, under certain circumstances, become entitled to a new trial on account of newly discovered testimony, the ground being that the facts upon which he then relies are external to those which transpired at the trial.
The warning of the Court upon the importance and delicacy of the power (14 S.C. at page 432) is well worth repeating, as follows: "There can be no doubt that motions of this sort should be received with the utmost caution, because, as it is said by a learned judge, there are but few cases tried in which something new may not be hunted up, and also because it tends to perjury; and, as was said in the case of State v. Harding, 2 Bay [267], 268, it would have a mischievous tendency after all the evidence on the part of the state had been fully disclosed to allow one with his life in danger an opportunity, by the assistance of confederates, to procure unprincipled witnesses to contradict the evidence *Page 95 
on the part of the state, and thereby defeat the ends of justice."
The last cited case was a criminal one and its importance was greater than this because the defendant had been sentenced to death but what was said by the Court is none the less applicable in the consideration of what I think is properly the inherent and implied power of the Industrial Commission to grant a new trial or rehearing in proper cases upon after-discovered evidence.
It is well known that our Compensation Law (Act No. 593 of the Acts of the General Assembly of 1935, approved July 17, 1935, and published in 39 Stat. beginning at page 1231) was very largely copied from a similar, earlier statute of our sister state of North Carolina. Tedars v. SavannahRiver Veneer Co., 202 S.C. 363, 25 S.E.2d 235, 147 A.L.R., 914. Meanwhile, before the effective date of our Act, the Supreme Court of North Carolina had this question before it in the case of Butts v. Montague Bros.,208 N.C. 186, 179 S.E., 799, 801. Finding no express authorization in their law for a hehearing of an otherwise final adjudication by the Commission, just as there is no express provision therefor in our subsequent and similar law, the Court found analogy in the terms of their law corresponding (apparently exactly) to sec. 46 of our original Act (now sec. 7035-49 of the Code of 1942), and very clearly and pointedly held that such power exists in the Commission, saying: "All the provisions of the act show that it was the purpose of the General Assembly that the Industrial Commission should have a continuing jurisdiction of all proceedings begun before the commission for compensation in accordance with its terms. The superior court has jurisdiction only when a party to a proceeding has appealed to said court on matters of law involved therein. Findings of fact made by the commission are conclusive, and, when supported by evidence, cannot be reviewed by the superior court. *Page 96 
We think it clear that the commission has the power, in a proper case, and in accordance with its rules and regulations, to grant a rehearing of a proceeding pending before it, and in which it has made an award, on the ground of newly discovered evidence."
With the foregoing I agree and further think that it should be so held in this case for it is important that the Industrial Commission and our citizens and others coming within its jurisdiction know the rules of procedure which govern it and them in all proceedings upon the filing and adjudication of claims under the Compensation Law.
It should be added that the proceedings by and before the Commission are not required to be as precise, and perhaps as tedious, as is the corresponding practice in the Courts. Informal justice may be had, so long as it is justice and not in violation of the law. The Act expressly so provides. The original section 54 (sec. 7035-57, Code of 1942) is in part as follows: "The commission may make rules not inconsistent with this Act, for carrying out the provisions thereof.Process and procedure under this Act may be summary andsimple as reasonably may be." (Emphasis added.) The emphasized provision was applied by this Court in the following, and possibly other cases: McDonald v. Palmetto Theatres,196 S.C. 460, 13 S.E.2d 602, and King v. Wesner,198 S.C. 49, 16 S.E.2d 289. And the word "summary," with reference to hearings and determinations, is again used in Code, Sec. 7035-61: "The commission * * * shall hear the parties at issue and their representatives and witnesses, and shall determine the dispute in a summary manner."
I fully agree with the view expressed in the main opinion, that there was no substantial evidence upon which to base the award which followed the rehearing, and that it should be reversed. The opinions of the alleged experts were without *Page 97 
substance in view of the physical facts and other evidence, and they were self-contradictory, confused and confusing.
In view of the nature of this supposed expert testimony, which was all that materially conflicted with the many circumstances which pointed unerringly to suicide, I think it unnecessary to weigh the evidence. Furthermore, I do not think the latter accurately describes the proper function of the Courts in compensation cases. Weighing implies a balancing of the scales whereby the greater weight or preponderance of the evidence is determined, which course we should not follow.
The late, great former Chief Justice Bonham of this Court, then an Associate Justice, with his usual clarity and force of expression, admirably stated the rule in the compensation case of Phillips v. Dixie Stores, 186 S.C. 374,195 S.E., 646, 647, as follows: "Herein lies the fundamental error of the distinguished circuit judge. By his own statement, he is making himself a participant with the commission in determining `whether the conclusions of the Commission have adequate support in the evidence.' (Italics the author's.) This is just what he is forbidden to do. If there were absolutely no evidence in support of the findings of fact by the Commission, we might say that the question thus becomes question of law. But whether there is a sufficiency of evidence is strictly a matter of fact, and the findings of the commission thereabout are final."
Factual findings of the Commission are, as said, undoubtedly binding upon the courts. 1942 Code, sec. 7035-63. But when such a purported finding is appealed, whether it was grounded upon any competent, substantial evidence is a question of law for decision by the Court, and it will be reversed in the absence of such basis. This rule has been stated many times in former decisions of this Court, found in 34 S.E., Dig., Workmen's Compensation, *Page 98 
Key 1939, and it was very recently restated in Elrod v.Union Bleachery, S.C., 481, 30 S.E.2d 73.
MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.