JONES v. ANDERSON COTTON MILLS *ET AL.*
(31 S. E. (2d), 447)

248

*Mr. Leon W. Harris* and *Mr. Harold Major,* both of Anderson, S. C., Counsel for Appellant,

*Messrs. Watkins & Prince,* of Anderson, S. C., Counsel for Respondent,

September 21, 1944.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

This case comes by way of appeal from Anderson County upon the following statement of facts:

On August 25, 1937, R. L. Jones was, and had been for several years, employed by Anderson Cotton Mills at Anderson, South Carolina, and on that date he sustained a hernia which was compensable under the South Carolina Workmen's Compensation Act. Liability was accepted by the employer and Aetna Casualty and Surety Company, the insurance carrier. On October 15, 1937, Jones was operated on and was treated by physicians from that date until December 19, when he was advised by one of the attending physicians that he was able to return to his work and was told to do so. The mill was closed at that time for Christmas Holidays and did not resume operations until January 1, 1938, at which time Jones reported for duty and was put to work.

Compensation was paid from the date of the injury until December 19, as well as medical, doctors and hospital bills incident to the operation.

After Jones had worked but a day or two, a burning and stinging sensation set up at the site of the operation, and a little knot about the size of the end of a finger appeared also. This was reported to the physicians who operated upon him. Within a few days thereafter small pimples began to appear in the wound, and this was reported to the physicians, and some time thereafter, in January, 1938, the incision broke down completely. This was reported to the physicians and, according to Jones' testimony, to the superintendent of Anderson Mills, and a truss was provided for him and paid for by the respondents. The appellant's condition grew steadily worse; however, he continued to work with Anderson Cotton Mills until July 3, 1942, when he left the employ of Anderson Cotton Mills, as he testified, because he was not able to do his work on account of the hernia breaking down.

Under date of August 30, 1942, the appellant's condition was brought to the attention of the South Carolina Industrial Commission, and thereafter a hearing of the case was set

by the Industrial Commission for January 12, 1943, at which time part of the testimony was taken and the hearing continued because of the absence of Dr. Latimer and Mr. Seigler, superintendent of the mills, defendants' witnesses, until March 20, 1943; when the hearing was resumed. Also additional testimony was taken on behalf of the defendants at the hearing of the full Commission.

Under date of May 4, 1943, the hearing Commissioner made an award in favor of the claimant, Jones, and thereafter in due time the defendants made application for review to the entire Commission, which was held on July 24, 1943, and thereafter, on August 6, 1943, the full Commission upheld the hearing Commissioner and affirmed his award.

In due time the defendants appealed to the Circuit Court upon grounds set out in the Transcript of Record, and the appeal was heard on the 8th day of December, 1943, by the Honorable M. M. Mann, who, by his order bearing date the 11th day of December, 1943, reversed the full Commission and set aside the award.

From this order of Judge Mann, the claimant, Jones, does now appeal to this Court upon the following exceptions:

"1. It was error for the presiding Judge to rule and hold: 'and it must be assumed, in view of the award of the full Commission, that it passed upon the sufficiency of the grounds and held that the bar above referred to was adequately set out.' The error being that there is nothing in the record to show that this statement in Judge Mann's order is a correct one and said matter is prejudicial to the interests of claimant.

"2. It was error for the Court to rule and hold: 'Regardless of this, however, I find and so hold that the grounds of appeal to the full Commission were sufficient to include and set up the limitations contained in Section 46 of the Workmen's Compensation Act; and in view of the fact that the

plaintiff did not on appeal to this Court by the defendants make this contention as additional sustaining grounds, I hold that there is no merit in his present contention on that point,' for the reason that the rules set forth what is necessary to be contained in the grounds of appeal, and plaintiff's grounds of appeal did not meet the requirements with reference to the statute of limitations and the court's ruling was prejudicial to the interests of the plaintiff.

"3. It was error for the Court to rule and hold: 'There is some difference in the testimony as to the date of this payment, but in the view most favorable to the plaintiff, that payment was made in July of 1939. It is admitted that thereafter the next time any mention of this case was made to anyone (with the possible exception of the doctors because the testimony does not show the date it was last brought to the doctors' attention) was by a letter from plaintiff's present attorney to the Industrial Commission in October, 1942, or three years and three months after the truss was paid for, if that was in July, 1942'. The error being (a) that Judge Mann was making the Circuit Court the fact-finding body which prerogative was invested in the Industrial Commission; (b) the matter was discussed with Superintendent Seigler of the Anderson Mills, and Dr. Latimer testified he filed a report with the insurance company in 1939. Therefore the Court's ruling was contrary to the evidence, invading the fact-finding body's jurisdiction and was prejudicial to plaintiff's rights.

"4. It was error for the Circuit Court to rule and hold that the defendants had not 'waived the provisions of Section 46 of the Act and are now estopped from interposing that section as a defense or a bar to this claim, and that their position with reference to Section 46 is analogous to their position under Section 24(a)'. For the reason that the two sections are analogous the position of plaintiff is the stronger with reference to Section 46 than it is with Section 24 (a) and this plaintiff was prejudiced thereby.'

"5. It was error for the Court to rule and hold: 'In the event of a changed condition of the claimant, the Commission upon its own motion may review the case, but if it does not do so and the claimant does not make an application therefor to the Commission within a period of twelve months from the date of the last payment of compensation, the file is closed, and the Commission had no further jurisdiction of the case. If this were not so, the Commission could never close its file in any case and authorize the insurer to withdraw its reserve against the claim. I find and so hold that under the provisions of Section 46, the application on the part of the claimant must be made not to the issuer, not to the employer, but to the Industrial Commission itself, and having failed to make this application to the Commission within the period of twelve months from the date of the last payment of compensation, the plaintiff in this case is barred from now asserting this claim.' For the reason that all matters pertaining to the handling of claims is possible and capable of being waived, including the statute of limitations; and if the Industrial Commission itself desires to waive this provision it has authority to do so; by proceeding to hear the matters the Commission has shown that it did waive this provision with reference to a closing of the file; and, in fact, all parties connected with the case proceeded upon the theory that said matter was waived until upon oral hearing before the full Commission on appeal. Therefore this plaintiff was prejudiced by said ruling.

"6. It was error for the Court to fail to sustain the decision of the Industrial Commission, and reversing and dismissing the claim of the plaintiff, for the reason that the Industrial Commission correctly decided the matter before it under both the law and the testimony, and the Court was in error in holding that the statute of limitation applied, and that defendants and the Industrial Commission could not waive the statute of limitations."

The first question is whether or not the Circuit Court was in error in deleting Rule 8 from the proposed transcript of record. There is no question but what the Commission has the power to make rules which are not inconsistent with the Act. Section 54(a), Section 7035-57-(a), Code of 1942, and Rule 8 being one of such rules and a part of the law governing the Industrial Commission. It is immaterial whether the rule be stricken from the brief or not. It is properly before the Court independently of the brief. This Court will take judicial notice of its existence and the contents thereof. *Brownlee v. Charleston Motor Express Co.,* 189 S. C., 204, 200 S. E., 819.

When this case was heard for the first time by the single Commissioner he made the following award:

"It is ordered that the defendants shall grant unto the claimant, R. L. Jones, a radical operation for the correction of this existing hernia as soon as practical.

"It is further ordered that the defendants shall pay to the claimant the sum of twelve and 49/100 ($12.49) dollars per week for temporary total disability from July 3, 1942, until such a time as maximum healing period has been reached and the claimant returns to work.

"It is further ordered that the defendants shall be liable for all medical, hospital, nurses and doctor's bills as well as any other bills incurred as a result of this accident.

"It is further ordered that the defendants shall pay all costs of this hearing including the standing hearing costs assessed by this Commission amounting to seven and 50/100 ($7.50) dollars."

From this award the respondents herein appealed to the whole Commission upon the following grounds:

"1. Error on the part of the hearing Commissioner in holding and finding that the claimant was entitled to an award.

"2. In making an award in favor of the claimant under the facts of this case."

As a result of this, the South Carolina Industrial Commission gave notice to the parties in interest that a review would be held upon those grounds.

The review being duly held the Commission adopted the award of the single Commissioner from which the respondent herein appealed to the Circuit Court on the ground that there was "error of law on the part of the hearing Commissioner and of the full Commission in not holding that this claimant is barred by the provisions of Section 46 of the Workmen's Compensation Act of 1935, with amendments, in that this is a claim by the claimant for further benefits by reason of a change in condition and no application was made by the claimant or any party within the time permitted therefor by the Workmen's Compensation Act."

This, therefore, raises the question as to whether the respondent's grounds of appeal to the full Commission was sufficient to include an objection to the award of the single Commissioner by reason of the Statute of Limitations. In Rule 18 of Section 7035-57, Code of 1942, we find the following: "In all cases where an appeal is made to the full commission, the grounds for appeal must be set out fully in detail," etc.

In the case of *Ham v. Mullins Lumber Co.*, 193 S. C., 66, 7 S. E. (2d), 712, 715, the Court said: "If there is such a thing as due process of law, under it a litigant is entitled to notice of the issues to be met on trial, hearing or appeal." The respondent herein contends that his exceptions to the award of the Commissioner are sufficient to include an objection by reason of the Statute of Limitations. If so, then he is not precluded from setting up the Statute as a bar to appellant's claim. The rule of liberal

construction has been said to be especially true with reference to the procedure promulgated by the Commission. However, the exception that there was "error on the part of the hearing Commissioner in holding and finding that claimant was entitled to an award" is so general that if the respondent is correct in his contention then the second exception is surplusage because the first is all embracive. It certainly is not such as to reasonably apprise all parties in interest that the Statute of Limitations would be plead as a part of such exception; if this be not true then any and all other statutes would be so embraced, and the opposing party would be forced to argue all of the law pertaining thereto. The general rule is that an assignment of errors on appeal or error proceedings is a specification of the alleged errors by the trial or other lower Court and assigned or designated by the party complaining of them as a ground for reversal on review. The object. of which is to point out specifically what is relied on as error, it ought to assign clearly and distinctly all the errors relied on for a reversal of the case so that the opposite party may know what questions are to be raised in the appellate court and may not be subjected to the danger of having new questions sprung at or just before the hearing. 3 Am. Jur., 287.

In the case of *Smith v. Youmans,* 48 S. C., 337, 26 S. E., 651, 652, with C. J. McIver writing the opinion, the Court said that an exception to the report and findings of the referee and the confirmation of the Court of same, are contrary to all the law in this State and the facts in the case as elected was "manifestly too general to require any further notice."

This Court is of the opinion that the exception is so general in nature that it cannot reasonably be said that the Statute of Limitations was pleaded thereunder. That the Statute of Limitations not having been plead at the hearing or trial of the case cannot be thereafter plead or

considered upon appeal. *Hiers v. South Carolina Power Co.,* 198 S. C., 280, 17 S. E. (2d), 698.

The other question to be decided by this Court is whether or not the Circuit Court erred in finding as a matter of fact: "There is some difference in the testimony as to the date of this payment, but in the view most favorable to the plaintiff, that payment was made in July of 1939. It is admitted that thereafter the next time any mention of this case was made to anyone (with the possible exception of the doctors because the testimony does not show the date it was last brought to the doctor's attention) was by a letter from plaintiff's present attorney to the Industrial Commission in October, 1942, or three years and three months after the truss was paid for, if that was in July 1942."

The Industrial Commission, being the fact-finding body, and this Court and the Circuit Court both being appellate courts in Workmen Compensation matters, this Court can only review the facts to determine whether or not there is any competent evidence to support the findings of the fact-finding body. If there is, this Court and the Circuit Court are without power to pass upon the force and effect of such evidence. *Anderson v. Campbell Tile Co.,* 202 S. C., 54, 24 S. E. (2d), 104; *Crawford et al. v. Town of Winnsboro et al.,* S. C., 30 S. E. (2d), 841.

The agreed statement of facts shows that the breakdown of the past hernia operation began only a few days after claimant returned to work and there is testimony to the effect that this condition continued to grow steadily worse until July 3, 1942, when he was forced to leave his work and has done none since due to this condition; that the doctors in the services of the employer were the ones who performed the operation and continued to treat him afterwards; that they were apprised of and familiar with his condition at all times; that this condition was a progressive one continuing to grow worse steadily during

the entire time. Therefore, there is competent evidence to support the findings of the Commission.

This Court is of the opinion that the order of the Circuit Court should be and is hereby reversed and the award of the South Carolina Industrial Commission should be and is hereby affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.