16289

FRIER v. SOUTH CAROLINA PENITENTIARY *ET AL.*

(56 S. E. (2d) 752)

*Messrs. Norbert B. Theodore and William Elliott*, of Columbia, *for Appellant,*

*Messrs. John M. Daniel, Attorney General, and T. C. Callison and R. Hoke Robinson, Asst. Attorneys General,* all

of Columbia, *for Respondents,*

*Messrs. Nobert A. Theodore and William Elliott,* of Columbia, *for Appellant, in reply.*

December 6, 1949.

STUKES, Justice.

Appellant was employed by the South Carolina Penitentiary as a guard on June 22, 1947, and discharged August 31 following. Thereafter he filed for workmen's compensation claiming total disability by reason of a heart attack on August 17 when he was climbing the steps to his wall guardpost and carrying arms and ammunition.

Upon denial of liability by the employer there was a hearing before a single member of the Industrial Commission on November 24, 1947, and claimant was represented by his counsel. Also appearing was the Director of the State Workmen's Compensation Fund, described in the record as "attorney for defendants."

Claimant's counsel offered in evidence the report of an examining physician, dated September 25, 1947, and explained that the doctor was sick and at a later time, if the commissioner or opposing counsel desired, could appear for examination. The commissioner ruled as follows:

"At this time I can't accept that, unless the attorney general, through Mr. DePass, agrees for it to be done. I will leave it to them and see if they agree. Otherwise I will give you an opportunity to have him here."

Toward the conclusion of the testimony of claimant and the others produced as witnesses the hearing commissioner again said, as follows:

"I will not admit the medical statement of Dr. Dove until the attorney general approves or disapproves it, and if he disapproves it you will have opportunity to examine him."

All of the evidence and the rejected report of Dr. Dove, which latter was favorable to claimant, appear in full in the record before us but there is no need to further refer to it.

Award was made by the hearing commissioner under date of December 3, 1947, in which he referred to the medical report which he had expressly excluded from the evidence, quoted from it and manifestly relied upon it for his conclusion that claimant suffered an accidental injury which resulted in total and permanent disability, and compensation was decreed.

In due time defendants applied for review by the full commission (Sec. 7035-62, Code of 1942, and Rule 18 of the commission) upon exceptions or grounds which included the following:

"3. That it appears that the facts in the case were not fully developed on behalf of the State, and the commission is requested to reopen the case for the taking of further testimony before the whole commission on the pertinent questions involved."

In addition the attorney general submitted a written statement to the commission to which was attached letter from claimant to the Governor dated September 8, 1947. From the statement the following is quoted:

"The record does not disclose that the attorney general ever approved the report of Doctor Dove, and it necessarily follows that the condition as imposed by the Hearing Commissioner was not met and the report of Doctor Dove is, therefore, not within the record. The attorney general does not admit the report of Doctor Dove in the absence of an opportunity to cross examine the physician and the opportunity to offer additional medical testimony by other physicians who are familiar with the condition of the claimant now and prior to his employment by the South Carolina Penitentiary."

This communication from the attorney general to the commission was received on the day before the review hearing on February 12, 1948, and it does not appear that any question was made by claimant that it was too late for consideration. At any rate it was considered and discussed at length in the "Opinion and Award" of the commission. The award of the hearing commissioner was affirmed.

The defendants appealed to the circuit court upon several exceptions which include the point that the commission erred in considering the report of the physician which had been excluded from the evidence and appellant given no opportunity to examine the doctor. The exceptions were sustained by the circuit court which held that the employer had been deprived of its right to examine the physician and the latter's report was not a proper part of the record and the commission erred in basing its award upon it. The judgment was that the conclusions of fact and law and the award of the commission be reversed and the claim remanded to the commission for trial *de novo*.

The brief of appellant begins with the statement that the real question presented is, quoting, "Can a litigant, on ap-

peal to the Circuit Court and the Supreme Court, ask and obtain a reversal of the findings and award of the South Carolina Industrial Commission based on objections or exceptions which were not made or interposed before the Hearing Commissioner?"

The order of the circuit court indicates, respondents say in their brief and appellant does not deny in his and it was likewise uncontroverted in oral argument, that appellant's above stated position was not presented to the court upon argument of the appeal from the Industrial Commission. Under numerous authorities is it therefore not available to him on this appeal. See the multitude of cases collected in 2 S. E. Dig., Appeal and Error, Par. 169, 758 *et seq.* The rule was applied in the compensation case of *Hamilton v. Little,* 197 S. C. 434, 15 S. E. (2d) 662, 663, where it was said: "The second issue, which questions the sufficiency of respondents' exception upon appeal to the Court of Common Pleas was not raised in the appeal before the Circuit Court, and therefore not passed upon, and is not properly before us."

For the foregoing reason it is unnecessary to review appellant's other attacks upon the order of the circuit court. It has been carefully considered in the light of the briefs and we are satisfied that it correctly disposed of all questions with which it dealt. A recent case of considerable similarity is *American Mut. Liability Ins. Co. v. Williams,* 1947, 75 Ga. App. 129, 42 S. E. (2d) 578, where award of compensation was reversed for failure of the commission to provide opportunity for cross examination of a medical examiner. In view of the necessity of new trial *de novo* we have limited our reference to the facts disclosed by the record and we intimate no opinion upon them.

Controversy arose in reference to the contents of the transcript of record for appeal to this court. It was settled by order from which claimant appealed. Amendments proposed by the respondents to the "State-

ment" were allowed which, upon consideration, we find to have been proper. Also allowed were proposed amendments which required the printing in full in the transcript of the communication of the attorney general to the commission and the accompanying letter of claimant to the Governor. The printing in full of these documents was unnecessary to proper presentation to this Court, hence claimant's appeal from this feature of the order settling the case is sustained and the disbursement for printing will be taxed *pro rata* accordingly.

Affirmed on the merits; reversed in part as to order settling case for appeal.

BAKER, C. J., and FISHBURNE and OXNER, JJ., concur.

TAYLOR, J., dissents.

TAYLOR, Justice (dissenting).

I regret very much that I am unable to agree with that portion of the majority opinion which affirms the Circuit Court in reversing the findings and award of the Industrial Commission and orders a rehearing *de novo*. The order of the Circuit Court doing so and the opinion of this Court affirming the order is based principally upon the fact that respondent was denied the right to examine Dr. Dove who, after making a physical examination of the claimant, submitted his report to the Commission; yet it is undisputed and the opinion so states that Dr. Dove's report was not included in the record. Of course, had this report been included in the record and used as a basis for handing down an award in favor of the claimant without respondent being given an opportunity to cross-examine the medical examiner, that would have been error, but such was not the case here. There was other testimony before the Commission as to claimant's condition.

The other ground is that the appellant did not take the position before the Circuit Court that he now takes on appeal to this Court, but this rule should work both ways as the

exceptions in the appeal to the Circuit Court were different from those listed in the application for review by the whole Commission from the findings and award of the Hearing Commissioner.

Since all of the questions apparently are raised belatedly, I am of the opinion that the Court should revert to the original exceptions listed in the appeal from the findings and award of the Hearing Commissioner.

In *Ham v. Mullins Lumber Co.,* 193 S. C. 66, 7 S. E. (2d) 712, 715, this Court quoted with approval from the order of the Circuit Court, saying:

"If there is such a thing as due process of law, under it a litigant is entitled to notice of the issues to be met on trial, hearing or appeal. The notice of the Commission stated the issue to which both sides and the Commission should address themselves. Counsel did so, and did not argue questions of fact or law not germane to the question stated in the notice. However, the Commission did not confine itself to that question, but rewrote the entire case. If it were correct in doing so, then it seems to me that every party who goes before the Commission on appeal must argue every point of law and fact in the case, or which might conceivably enter into it, regardless of the scope of the exceptions of the party appealing, and must ask that further evidence of the most exhaustive character be taken on all of such points. Otherwise a party in whose favor the Hearing Commissioner had made certain findings of fact and law, from which there was no appeal, might learn to his consternation that the Commission had gone so far as to reverse such findings. He would discover further that its findings as to facts contradicted ever so slightly in the testimony were final under the terms of the Act, and that he was left absolutely without further remedy, although he had been given no notice to submit other argument on those points or to request that the Commission take further testimony which would have resolved any apparent doubt in his favor. The only safe procedure would be to start

over and have a complete and exhaustive trial *de novo* before the Full Commission in every case. In that event the entire proceeding before a Hearing Commissioner and his opinion would be a mere waste of time, effort and expense, and would amount to nothing at all. I do not think Section 59 of the Act should or can be construed in that way. Moreover, in my opinion, such procedure would be violative of due process of law and contrary to orderly judicial procedure and administration of justice."

In the recent case of *Jones v. Anderson Cotton Mills,* 205 S. C. 247, 31 S. E. (2d) 447, 450, where this Court had under consideration a situation similar to the one here, in that the exceptions listed in the appeals varied, this Court stated:

"The Statute of Limitations not having been plead at the hearing or trial of the case cannot be thereafter plead or considered upon appeal."

The first and second grounds for review attack the findings of fact as determined by the Hearing Commissioner, while the third and fourth relate to Rule 16 of the Industrial Commission relating to the introduction of additional testimony on the grounds that such testimony was discovered after the hearing, and that the Commission, in its discretion, should order the taking of additional testimony. The Commission refused the request to be allowed to introduce after-discovered evidence, and disallowed the request to introduce additional testimony as being unnecessary for the completion of the record and affirmed the findings and award of the Hearing Commission.

On the day before the hearing before the Full Commission, the office of the Attorney General requested in writing that the Commission, in its discretion, reopen the case for the taking of further testimony, and that, although a letter, purportedly written by claimant, could not be properly admitted under the rules of law applicable to after-discovered evidence, it be incorporated into the record under the broad powers of

discretion exercised by the Commission under No. 16 of its rules. This the Commission refused to do. The letter clearly states and defendants-respondents took the position that the matter was one within the broad discretion of the Commission, and with this I agree.

I am of the opinion that there was competent evidence upon which the Commission could base its findings and award and that this Court and the Circuit Court are bound by the findings therein. I would therefore reverse the order of the Circuit Court and reinstate the findings and award of the Industrial Commission.