## 16327

### HOKE v. CHEROKEE COUNTY
(58 S. E. (2d) 330)

*Messrs. R. A. Dobson* and *Wade S. Weatherford, Jr.,* of Gaffney, *for Appellant,*

*Messrs. H. R. Swink* and *J. Z. McKown,* of Gaffney, *for Respondent,*

378

March 10, 1950.

STUKES, Justice.

This is an appeal from judgment affirming an award of workmen's compensation. Respondent received gunshot wounds in the course of his employment as a deputy sheriff or rural policeman of appellant county. He lost portions of fingers of his right hand and was temporarily totally disabled but his usual salary was continued uninterruptedly. The injury was suffered on April 12, 1947, and claim was not filed with the Industrial Commission until May 21, 1948. The case was heard by a single commissioner on January 31, 1949. Appellant at that time denied the jurisdiction of the commission upon the ground that claim was not filed within one year. Sec. 7035-27(1), Code of 1942.

The hearing commissioner held that the payment of salary during the period of disability was tantamount to payment of workmen's compensation and constituted waiver of the filing of claim. Award was made which included the schedule, Code, § 7035-34, amount for one-third (33 1/3 per cent) loss of the use of the right hand, and the sum of $300-.00 for serious bodily disfigurement. The further proceedings were such as to render unnecessary consideration by this court of the conclusion of the hearing commissioner with respect to the failure to file claim within the statutory period, as will be seen, and no opinion thereabout will be advanced.

Appellant applied for review by the full commission in accord with Code, § 7035-62 upon the following ground:

"That the finding and award of the Hearing Commissioner as to a 33 1/3 per cent loss of the right hand is illegal, contrary, and inconsistent with the Workmen's Compensation Law of South Carolina in that the evidence shows that claimant received his regular salary during the entire period of his disability and is at present fully employed with an increased salary."

The claimant also asked for review and alleged, in effect, insufficiency of the award. The nature of this procedure for commission review was discussed in *Riddle v. Fairforest*, 198 S. C. 419, 18 S. E. (2d) 341.

After review of the record and hearing arguments of counsel on April 26, 1949, the majority of the full commission changed the schedule award to read as follows: "That the claimant, as a result of his injury by accident, has sustained a fifty (50%) per cent functional loss of use of his right hand and that he is entitled to compensation for same." The amount of the award for disfigurement was also increased, to $500.00.

The employer thereupon appealed to the Court of Common Pleas upon two grounds: first, that the commission had exceeded its jurisdiction by making an award in the absence of a filing of a claim with it within one year after the accident; and second, that the award was improper because there was no finding of disability as contemplated by the act. The court overruled both grounds, the first for failure to make it a ground of review before the full commission; and the second ground because the award was for functional loss of use of the hand and unrelated to earnings under the terms of sec. 7035-34.

The exceptions upon appeal to this court are as follows:

1. The Court was in error in holding that the award was not barred by Section 24(a), Workmen's Compensation Act of South Carolina, for failure to file a claim within one year from the date of the accident.

2. The Court was in error in holding that the award for loss of a member under the Schedule of Injuries, Workmen's Compensation Act of South Carolina, is an arbitrary award unrelated to and unaffected by the earning capacity of the claimant.

They will be discussed in that order. The citation in the first of section 24(a) has reference to the original act. It is now codified as section 7035-27(1), Code of 1942, and is here reproduced: "(1) File within one year of accident or death.—The right to compensation under this article shall be forever barred unless a claim is filed with the industrial commission within one year after the accident, and if death results from the accident, unless a claim be filed with the commission within one year thereafter."

Appellant's counsel has earnestly and ably argued that the requirement of timely claim is jurisdictional and the right of an employer to the bar of it is not lost by failure to plead it as a ground of review by the commission of an adverse ruling by a hearing commissioner. Incidentally, this position implies proper concession that the point was not raised by appellant's ground for review by the full commission in this case. It is argued that there is conflict in our former decisions of *McDonald v. Palmetto Theatres,* 196 S. C. 460, 13 S. E. (2d) 602, and *Jones v. Anderson Cotton Mills,* 205 S. C. 247, 31 S. E. (2d) 447. We do not think so. The former was decided upon the express premise that there was no statute or commission rule which prescribed the form or content of an application for review, whereas there was cited as governing the later *Jones case* a duly promulgated rule of the commission. The rule, which we think likewise governs the instant case, is that numbered 18 and appearing on page 57 of Vol. 4 of the Code of 1942, in part as follows: "18. * * * In all cases where an appeal is made to the full commission, the grounds for appeal must be set out fully in detail on commission's form No. 30", etc.

Such is authorized by the first provision of Code, § 7035-57, as follows: "(a) The Commission may make rules not inconsistent with this article, for carrying out the provisions thereof." The rule is a valid exercise of the statutory power. *Davis v. Query,* 209 S. C. 41, 39 S. E. (2d) 117.

Nor do we think that the *McDonald* case and *Ham v. Mullins Lumber Co.,* 193 S. C. 66, 7 S. E. (2d) 712, are antagonistic. When carefully read together it is seen that in the latter the ground for review was expressly limited to a single, specific point; and in McDonald's case the grounds were quite general, so much so in fact that two of the three of them would not meet the test of the presently governing rule 18, just quoted. See the court's distinction of the cases in the opinion in *McDonald,* 196 S. C. at pages 464, 465, 13 S. E. (2d) 602, 604. We think that the *Jones case,* 205 S. C. 247, 31 S. E. (2d) 447, was soundly decided and we adhere to the rule of it. It is controlling and requires the overruling of the first exception.

Argued at length by appellant is the contention that sec. 7035-27 is jurisdictional in its requirement, a condition annexed to the right to compensation rather than a limitation, and therefore the failure of compliance with it may be raised at any time and in any state of the proceedings. The basic concept of this contention is without support in our decisions. *Young v. Sonoco Products Co.,* 210 S. C. 146, 41 S. E. (2d) 860, and cases there cited. See also, *Burnhart v. Duncan Mills,* 214 S. C. 113, 51 S. E. (2d) 377, *Samuel v. Appleton Co.,* 214 S. C. 157, 51 S. E. (2d) 508, and *Duncan v. Gaffney Mfg. Co.,* 214 S. C. 502, 53 S. E. (2d) 396.

The second exception is entirely novel and without support in the decided cases. Sec. 7035-34 provides for "schedule" injuries (and awards) which are compensable in the prescribed amounts irrespective of actual earnings of the injured workman. The awards are referred to as specific, as

are the injuries. The statute itself mentions "the schedule of specific injuries set out in this section."

Sec. 7035-32 provides compensation for total disability and the provision begins, "Where the incapacity for work resulting from the injury is total," etc. The succeeding section makes provision for compensation for partial disability and begins, "Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is partial," etc. Then follows *the next section,* 7035-34, which here governs, providing: "In cases included by the following schedule, the disability in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be specified therein, to-wit:   *   *   *."   It is said of such in 58 Am. Jur. 782, Workmen's Compensation, sec. 287: "Many of the statutes provide that specific sums shall be awarded for the loss of a faculty or a member of the body, regardless of the fact that the workman has not been incapacited to perform the accustomed duties, or suffered no loss of earnings or earning capacity." To the same effect is 71 C. J. 833, Sec. 547. *Ripley v. Anderson Cotton Mills,* 209 S. C. 401, 40 S. E. (2d) 508.

The Execeptions are overruled and the judgment affirmed.

FISHBURNE, TAYLOR, OXNER, JJ., and L. D. LIDE, Acting Associate Justice, concur.

BAKER, C. J., not participating.