## 21405

Thomas H. DALE and J. Leeds Barroll, and all others similarly situated, Respondents-Appellants, v. SOUTH CAROLINA TAX COMMISSION, Richland County Treasurer, Lexington County Treasurer, and the respective county treasurers for all other South Carolina Counties, Respondents, and South Carolina Tax Commission, Appellant.

(276 S. E. (2d) 293)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr., Jackson E. Fields, Jr., Asst. Attys. Gen.,* and *Costa M. Pleicones,* Columbia, and *Archie L. Harman,* Lexington, *for respondents and appellants.*

*Thomas H. Dale and J. Leeds Barroll, IV, pro se.*

March 9, 1981.

HARWELL, Justice:

The plaintiffs brought this action, styled as a class suit, against the named state and local tax collection authorities for the recovery of a portion of documentary stamp taxes paid under Section 12-21-380, Code of Laws of South Carolina (1976).

The defendants Richland and Lexington County treasurers demurred to the action alleging *inter alia* that the complant failed to state a cause of action since it contained no allegation that the taxes had been paid under protest or that a refund had been sought as required by Section 12-47-220 of the Code. The trial judge sustained the demurrers and also dismissed the other treasurers generally named for this reason and also because the others were never served with process. The plaintiffs appealed. We affirm this portion of the order. See, *Chesterfield County v. State Highway Department of South Carolina,* 191 S. C. 19, 3 S. E. (2d) 686 (1939).

The defendant South Carolina Tax Commission demurred to the action alleging, *inter alia,* that the complaint failed to state a cause of action because no allegations were made that an application for a refund had been filed with the Commission and denied as required by Section 12-47-440 of the Code. The trial judge, however, overruled the demurrer, taking judicial notice that the claims had been previously filed and denied. The plaintiffs were then granted leave to amend their cause of action against the Commission. The Commission appealed. We reverse this portion of the order.

While a judge can take notice of state statutes, *Green v. City of Rock Hill,* 149 S. C. 234, 147 S. E. 346 (1929), certain other law, Uniform Judicial Notice of Foreign Law Act, Sections 19-3-110, *et seq.,* Code of Laws of South Carolina (1976), and state administrative rules and regulations, *Jones v. Anderson Cotton Mills,* 205

S. C. 247, 31 S. E. (2d) 447 (1944), the pleading must recite the facts which activate the allegedly applicable law and thus state a cause of action.

Before the Tax Commission can be sued, the party complaining must have sought and have been denied a refund by the Commission. These acts are conditions precedent to a suit brought pursuant to Section 12-47-440. *Edisto Fleets, Inc. v. South Carolina Tax Commission*, 256 S. C. 350, 182 S. E. (2d) 713 (1971). By failing to allege these essential facts, the plaintiffs deprived the circuit court of jurisdiction to hear the matter. We therefore sustain the demurrer of the Tax Commission. The trial judge was without authority to notice any actions the plaintiffs may have taken before the Tax Commission.

We need not reach any remaining exceptions since further discussion is unnecessary to the disposition of this appeal.

Affirmed in part; reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.