15210

BUCKMAN v. INTERNATIONAL AGRICULTURAL CORP. *ET AL.*

(13 S. E. (2d), 133)

*Mr. Norbert A. Theodore* for appellant,

*Messrs. Nelson, Mullins & Grier* for respondent,

February 17, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

This case arises out of the Workmen's Compensation Act, Code Supp. 1936, § 7035-1 *et seq.*, and is an appeal from an order of Honorable G. Duncan Bellinger, Circuit Judge, setting aside an award made to appellant by a majority of the South Carolina Industrial Commission.

Briefly, the record discloses these facts:

On October 14, 1937, appellant, while employed by International Agricultural Corporation, suffered an injury—a fracture of the left leg near the ankle—and the employer immediately carried him to Columbia Hospital where he was placed under the care and direct supervision of Dr. Manly E. Hutchinson. In the same accident appellant also suffered a strain of the back, but this injury, insofar as this appeal is concerned, may be forgotten.

Appellant was furnished proper medical and surgical attention at said hospital for his injuries suffered on October 14, 1937, and dismissed therefrom on October 23, 1937, the broken bone being in process of knitting satisfactorily. Had there been no intervening cause, appellant, according to all medical testimony, would have entirely recovered from the injuries as aforesaid, by January 15, 1938.

From the routine examination made of appellant when he was first admitted to the hospital, it was ascertained that he had syphilis in an advanced stage. Dr. Hutchinson very properly informed him of this and suggested that he should secure the anti-syphilis treatment, but this advice had no connection with the treatment of the broken limb.

The testimony is not definite, and it is immaterial as to how the information of appellant's syphilitic condition reached the Richland County Venereal Clinic, a public charity engaged in fighting communicable social diseases.

However, such information did reach the clinic and appellant willingly received three treatments for syphilis at his home, which treatments were administered by a nurse or nurses employed by the said clinic. The first treatment was given him on November 30, the second on December 7, and the third on December 14, all in 1937. Appellant was of course at this time remaining at home while his injured leg was in process of healing. It should be here stated that appellant from time to time returned to the hospital for routine examination and treatment of his leg, and on his last visit prior to the next date herein mentioned, it was found that the bone had knitted satisfactorily and that the wound would heal within the usual period expected for such an injury.

Following the treatments for syphilis and on or about December 17, 1937, the family of appellant informed his employer that appellant was suffering from dizzy spells, and the employer immediately got in communication with Dr. Hutchinson, who returned appellant to the hospital to make a final check-up on the original leg injury and to ascertain the cause of the dizzy spells complained of. On that night appellant jumped out of a third story window of the hospital and fractured the same leg but in a different place. He was put back in bed, but in order to keep him therein it was necessary to place him in a strait-jacket. He was dismissed from the hospital the second time on December 31, 1937, and returned to his home, but of course the second fracture at that time was only in process of knitting, and due to his mental condition and the second fracture, appellant was unable to engage in gainful employment. On June 8, 1938, appellant showed such signs of mental unbalance that he was admitted to the State Hospital for insane at Columbia, where his condition was diagnosed as dementia praecox.

It is admitted that the injury sustained on October 14, 1937, was compensable under the Workmen's Compensation Act; and that appellant has been allowed an award for this first injury.

Appellant filed claim with the South Carolina Industrial Commission for total and permanent disability on account of the second injury occasioned by his mental condition; and his mental condition. Such claim was allowed by the hearing commissioner, and confirmed by a majority of the full commission, but upon appeal to the Court of Common Pleas, the commission was reversed, as hereinbefore stated.

The appeal raises the question: Is there any testimony which will sustain the findings of fact by the majority commission that the second injury and mental condition of appellant had a causal connection with the first injury, and is therefore compensable under the Workmen's Compensation Act?

The findings of fact by the Industrial Commission on a claim under said Act are conclusive unless there is no testimony to support such findings; but its findings of fact must be founded on evidence and cannot rest on surmise, conjecture or speculation. *Rudd v. Fairforest Finishing Co.,* 189 S. C., 188, 200 S. E., 727, and cases cited therein; and *Cagle v. Judson Mills,* 195 S. C., 346, 11 S. E. (2d), 376.

Appellant contends that there is evidence in the record to support the finding of fact by the Industrial Commission that his mental condition was brought about through the injury sustained on October 17, 1937, and that therefore it was error for the Circuit Judge to set aside the award made by the majority of the Industrial Commission.

We have carefully studied the record in this case and are unable to find any evidence of probative value to sustain the position of appellant. On the contrary, all of the evidence of probative value is to the effect that appellant's mental condition is totally disconnected with the injury which he suffered on said October 17, 1937—that is, there is no causal connection between the first injury and the mental upset condition that appellant was in on December 17, 1937—and that the mental condition was produced and hastened by inde-

pendent causes—the disease from which he suffered, and the treatment therefor administered by the clinic. It is true there is some testimony in the record that the first injury "may have been one of the contributing factors," but the same witness also said, "I cannot say it caused it."

In the teeth of all of the positive medical testimony in the record that there was no causal connection between the first injury and appellant's mental condition, it would violate the established principle of law that an award cannot rest upon speculation or conjecture for this Court or any other Court to uphold the findings of fact by the majority Industrial Commission.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES CARTER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.