15857

CYRUS v. MILLER TIRE SERVICE *ET AL.*

(38 S. E. (2d), 761)

*Messrs. Nelson, Mullins & Grier,* of Columbia, for appellants,

*Mr. Henry H. Edens,* of Columbia, and *Mr. J. Albert Meritt, Jr.,* of West Columbia, both for respondent,

July 16, 1946.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court.

The appeal questions the validity of an award made under the provisions of the Workmen's Compensation Act; the claimant is Ester Young Cyrus, the widow of Henry Cyrus.

In the first instance, the matter came before a single member of the Commission, whose finding in favor of the claimant was affirmed on review by the Full Commission, and thereafter on appeal, was affirmed by the Circuit Court. .

There is no controversy between the parties concerning the facts disclosed by the evidence, which may briefly be summarized as follows:

Henry Cyrus and Fred Edmonds were colored employees of Miller Tire Service. On the afternoon of January 23, 1944, Cyrus, while eating a sandwich during his lunch hour on the premises of the employer—as he was permitted to do—was assaulted by Edmonds, and received injuries which resulted in his death. Prior to the assault, Edmonds had been engaged in his regular work.

The evidence shows that shortly previous to the attack, Edmonds had requested Cyrus to go out and purchase for him two packages of cigarettes, and gave Cyrus for this purpose thirty-one cents. While eating his lunch, Cyrus told Edmonds that he had had to pay thirty-four cents for the two packages of cigarettes, "and he asked Edmonds about, it." Apparently, he made no specific demand for repayment of his three cents, but this brought on an altercation. Edmonds became enraged at the suggestion that he owed Cyrus three cents, cursed him, and contended that he was being overcharged. The deadly assault with a pair of pliers immediately followed. There had been no previous ill feeling between the two men.

The employer, and Hardware Mutual Casualty Company, the insurance carrier, opposed the claim on the ground that the death of Cyrus did not arise out of and in the course of his employment. They present the same issue here upon appeal.

Assuming without deciding that the injury arose in the course of employment, the only question in the case is whether the accident arose out of the employment.

The rule is that an accident to be within the Compensation Act, must have had its origin in some risk of the employment. Obviously, on account of the great variety of cases,

it is impossible to establish an invariable rule for determining what is a risk of the employment.

We held in *Eargle v. South Carolina Elec. & Gas Co.*, 205 S. C., 423, 32 S. E. (2d), 240:

"* * * if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *Re: Employers' Liability Assurance Corporation*, 215 Mass., 497, 102 N. E., 697, L. R. A., 1916-A, 306.

We have held in two recent cases that an injury to an employee in a fight with another employee, growing out of a quarrel about the employer's work in which they were engaged, arises out of the employment. *Landford v. Clinton Cotton Mills*, 204 S. C., 423, 30 S. E. (2d), 36; *Thompson v. J. A. Jones Construction Co.*, 199 S. C., 304, 19 S. E., 226. These cases, however, are entirely different in their factual background from the present case. The question presented by this appeal is governed by the cases of *Elrod v. Union Bleachery*, 204 S. C., 481, 30 S. E. (2d), 73, and *Gory v. Monarch Mills*, .... S. C., ...., 37 S. E. (2d), 291, where the evidence showed that the injury arose out of a matter totally disconnected with the work of the employer.

Under the established principles and the above-cited authorities, the undisputed facts in the present case make it

clear that the dispute between Cyrus and Edmonds about two packs of cigarettes and three cents did not arise out of the employment. The only suggestion that the employment had any bearing upon the injury was that the employment brought the two men together. The felonious assault, however, arose not out of the employment, but because the deceased, in effect, demanded a reimbursement of three cents in a purely personal transaction. The fact that the killing took place on the employer's premises was a mere incident. It might equally as well have happened on the sidewalk in front of the building where the two men were employed; or at any other place. There was no causal relation between the work and the assault. Cyrus and Edmonds happened to be at the same place because of their employment, but an injury done by one to the other on account of some personal ill feeling foreign to the work, which this proximity gave an opportunity to inflict, was not the result of the employment. The injury was not incidental to the character of the business; the deceased would have been equally exposed to it entirely apart from the employment.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.