15896

RIPLEY v. ANDERSON COTTON MILLS *ET AL.*

(40 S. E. (2d), 508)

*Messrs. Watkins & Prince,* of Anderson, for Appellants,

*Mr. Leon W. Harris,* of Anderson, for Respondent,

December 3, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous opinion of the Court.

This is a Workmen's Compensation case in which claimant was awarded twenty-five (25%) per cent. functional loss of use of the right eye, ten (10%) per cent. functional loss of use of the left eye, and One Thousand ($1,000.00), Dollars for disfigurement.

The claimant, Carl T. Ripley, while employed in the machine shop of the Anderson Cotton Mills of Anderson, South Carolina, received injuries as the result of an explosion which blew him completely from the building, as a result of which he filed claim for injuries to his eyes and asked compensation for bodily disfigurement. The above award was made pursuant thereto against Anderson Cotton Mills, and General Accident Fire and Life Assurance Corporation, Ltd., their insurance carrier.

In due time, application was made for review by the Full Commission, who affirmed the award of the Hearing Commission in an Order dated December 20, 1945; thereafter the matter was appealed to the Circuit Court and was heard by the Honorable W. H. Grimball, who, by Order dated March 20, 1946, affirmed the Order of the Commission. Defendants now appeal to this Court upon exceptions which raise the following questions: Was it error to make an award for twenty-five (25%) per cent. functional loss of use of the right eye and ten (10%) per cent. functional loss of use of the left eye? And was it proper to make an award for One Thousand ($1,000.00) Dollars for serious bodily disfigurement?

In both questions we are faced with the primary rule of law governing such cases of whether or not there is competent evidence to support the fact-finding body. If there is, this Court is without power to pass upon the force and effect of such evidence.

This Court can review the findings of the Commission only for the purposes of determining whether there is any competent evidence to support the findings of the Commission; and if there is, such findings must be upheld. If the facts proven are capable as a matter of law of sustaining the inferences drawn from them by the Commission, its findings are conclusive in the absence of fraud. *Rudd v. Fairforest Finishing Co. et al.*, 189 S. C., 188, 200 S. E., 727; *Jeffers v. Manetta Mills et al.*, 190 S. C., 435, 3 S. E. (2d), 489; *Cagle v. Judson Mills et al.*, 195 S. C., 346, 11 S. E (2d), 376; *Buckman v. International Agricultural Corp. et al.*, 196 S. C., 153, 13 S. E. (2d), 133; *Green v. City of Bennettsville*, 197 S. C., 313, 15 S. E. (2d), 334; *Lanford v. Clinton Cotton Mills et al.*, 204 S. C., 423, 30 S. E. (2d), 36; *Elrod v. Union Bleachery et al.*, 204 S. C., 481, 30 S. E. (2d), 73; *Crawford et al. v. Town of Winnsboro et al.*, 205 S. C., 72, 30 S. E. (2d), 841; *Jones v. Anderson Cotton Mills et al.*, 205 S. C., 247, 31 S. E. (2d), 447; *Branch et al. v. Pacific Mills et al.*, 205 S. C., 353, 32 S. E. (2d), 1; *Bailey v. Santee River Hardwood Co. et al.*, 205 S. C., 433, 32 S. E. (2d), 365; *Ervin et al. v. Myrtle Grove Plantation et al.*, 206 S. C., 41, 32 S. E. (2d), 877; *Shchane v. Springs Cotton Mills et al.*, 206 S. C., 334, 34 S. E. (2d), 180; *Lewis et al. v. Hamilton Veneer Co. et al.*, 206 S. C., 349, 34 S. E. (2d), 220; *Dickey v. Springs Cotton Mills, . . .* S. C., 39 S. E. (2d), 501.

It is not necessary that claimant show the extent of disability with mathematical exactness, and direct evidence of the percentage of partial loss of normal efficiency is not essential to the determination of such percentage, and it is not essential that a percentage of disability be specified by any witness. *Dickey v. Springs Cotton Mills, supra.*

The testimony shows that the claimant, who was inside the machine shop assisting in the welding of an acetylene generator, was blown through the window and outside the building as a result of the generator explod-

ing, sustaining various cuts and injuries and what is commonly referred to as a flash burn of the eyes. Dr. Ross testified that he attended Mr. Ripley at the hospital, that his eyes were very red and he was also suffering what is called conjunctivitis, which is an inflammation of the conjunctiva, and his own eyes were very sensitive to light at the time. A few days prior to the hearing before the Commissioner, he again examined claimant's eyes and found that he needed glasses and that his eyes were still sensitive to light; that he also suffered from astigmatism which was not caused in any way by the accident, but that this condition was aggravated by the injury; that claimant could no longer look at the blow torch of a welder; that his condition was what is termed a flash burn, and would add to the light sensitiveness of his eyes; that such condition is similar to a sunstroke in that he was unable to tell just why, but it makes the eye sensitive to light from that time on. Claimant testified that Dr. Ross told him at the time of the first check-up and fitted glasses that he would not be able to read small scale or fine print, and that he would have trouble with his eyes; that prior to the time of injury, his eyes had never given him any trouble whatsoever, but now any glare bothers him, regardless of what he is doing; that he is bothered with a spot in his vision which was not present prior to the injury.

A portion of the testimony is as follows:

"Q. Since this injury, how have your eyes been?

"A. Well, lights make them ache and burn when reading the paper, like something in my eye and I can't follow the lines as I read and it aggravates me and I have to stop and start over and refocus my eyes. The same with light when it is greater, I have to look off and focus my left eye to it. At the table if I drink milk, and it looks like something in the milk like some small speck."

Appellant takes the position that the Compensation Act is not intended to provide compensation except to the extent of the diminution of the earnings of

the employee or for serious bodily disfigurement as the result of the injury, and cites *Parrott v. Barfield Used Parts*, 206 S. C., 381, 34 S. E. (2d), 802, as authority. It is admitted that claimant is now earning as much or more at the same work as he did prior to the accident.

Under Section 7035-34, subsection "T", Volume 4, 1942 Code of Laws for South Carolina, we find the following:

"Total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye. The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss. Loss of both arms, hands, legs, or vision in both eyes shall be deemed permanent total disability, and shall be compensated under Section 7035-32."

This question must therefore be resolved against the appellant.

As to the question of whether or not it was proper to make an award of One Thousand ($1,000.00) Dollars for serious bodily disfigurement, the testimony is that claimant, as a result of the accident, has a scar on his right forearm four or six inches long and about a quarter of an inch wide, very black in color; other scars are on the head and shoulder. In the findings of fact by the Commissioner, he also states that claimant was closely observed; that he has scars on his right arm and shoulder and his head which are easily observed by casually noticing claimant. Claimant was observed by the Commission as a whole, by the Circuit Judge upon appeal, and by this Court, who is of the opinion that there is sufficient evidence to support the findings of the Industrial Commission, and the Order appealed from is affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.