19839

Pamela S. BYRD, Appellant, v. HANES CORPORATION and Liberty Mutual Insurance Company, Respondents.

(205 S. E. (2d) 825)

*Messrs. Ernest L. Cook* and *Malcolm K. Johnson,* of Hartsville, *for Appellant,*

*C. Weston Houck, Esq.,* of Florence, *for Respondents,*

June 7, 1974.

LITTLEJOHN, Justice:

This appeal arises out of a claim by Pamela S. Byrd (employee), appellant, against Hanes Corporation (employer), respondent under the Workmen's Compensation Law. The single (hearing) commissioner denied the claim; the full commission unanimously agreed with the single commissioner; the circuit judge, upon review, sustained the ruling of the commission.

The sole issue for review by this Court is the same issue submitted to the circuit judge, to wit: Is there competent evidence in the record sufficient to support the factual finding of the Industrial Commission that the injuries sustained by the claimant arose from a personal matter, rather than out of and in the course of employment?

It is academic that the Industrial Commission is the fact finding body and neither the circuit court, which first hears the appeal, nor this Court, which hears the appeal in the last analysis, will disturb the ruling of the commission if there is evidence to sustain its factual finding. If there is any competent evidence to support the finding of the commission, such findings are binding upon the courts. *Lanford v. Clinton Cotton Mills,* 204 S. C. 423, 30 S. E. (2d) 36 (1944).

The single commissioner found as a fact that the claimant "sustained a bodily injury on September 20, 1972, of contusions to her head when she and a co-worker, Ruth Atkinson, engaged in a fight in the parking lot after work hours about a personal matter," and ruled as a matter of law, "Under Section 72-14, the claimant did not sustain an

injury by accident arising out of and in the course of her employment."

The reasoning of the single commissioner in denying the claim is more fully set out in the transcript of record, when he candidly discussed the matter with counsel and gave the claimant an opportunity to supply additional evidence. He said: "It seems here that the subject matter of the fight was not the work, but personal . . . . The Claimant who complains and wants protection . . . must show several things. There are two that are very essential: one, that the fracas grows out of the employment; two, that the claimant is not the aggressor; and then three, of course, that you do have damages complained of. In this case it seems to me you do not get over the first hurdle. The only the meeting place and that's not sufficient according to our Supreme Court."

The evidence reflects that there was some difficulty between the claimant and Ruth Atkinson while they were on the job, growing out of the fact that Ruth Atkinson was unhappy because the claimant talked with Mr. Atkinson, who was also a fellow employee. The evidence further discloses that Ruth Atkinson owed the claimant's husband $15.00. The claimant and Ruth Atkinson exchanged unpleasantries relative to this debt. After the two women left the job, they went to the parking lot where claimant's husband was waiting to carry her home. The claimant's version of what took place might support her claim, but the testimony of Ruth Atkinson, which apparently the commission believed, warrants the inference that the fight grew out of a personal matter. Mrs. Atkinson's version of what took place after she left the job and before the fight began in the parking lot is reflected by questions of the employer's attorney and her answers as follows:

"A. I took the $15.00 out to the car. I told Sandy (supervisor) and Pam (claimant) that morning in the office I would. I said I'd write a check and carry it out to her husband so I did that and there she comes up with—I told her husband, I said, 'I'm going to tell you something else too.' I was telling Carson this.

"Q. Who is 'Carson?'

"A. Her husband, and I told him that he better never say anything like something to me he said before like, 'Did I want to take it out in trade?' to me.

"Q. Her husband said that?

"A. Yes, sir, it was out of the plant. That was personal stuff. And I told him he better never say anything like that to me again. He said it also to my sister, both of us, and I said that and she comes up with, 'Did you do it?' She was going on like that.

"Q. Who said this?

"A. Pam. She said 'Well, did you do it?' I said, 'No, I'm not that kind of person.' Then she comes up with 'Well, everybody out here knows me and they know what I am.' She said, 'Everybody out here knows you too and knows what you are too. Just take a look around. Everybody knows what you are. You ain't nothing.' She said it just like that and then that was on the opposite side of the car, and she wanted me to hit her. She might as well call me straight out you know what. At least that's the way I take it. Anybody else will I'm pretty sure, and we walked around. My car was parked just on the other side of their car and her car was there too. We argued for a while. We stood beside the door. She was standing inside the car door and she shoved the door and hit me first. I shoved the door back. She shoved the door again and I shoved the door back and she shoved it again, and that's when I poked her in the eye.

"Q. In the heat of the argument, can you be sure that she hit you first with that door?

"A. She hit me first with that door."

The squabble mushroomed into a full fledged argument, and then "the fur began to fly," resulting in the injuries for which the claimant now seeks to recover. We agree with the trial judge when he ruled, "There is competent evidence to support the finding of fact of the Industrial Commission." Accordingly, the appeal is dismissed and the lower court is Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.