20611

Victor ROGERS, Respondent, v. WATKINS MOTOR LINES, INC., and American Mutual Liability Insurance Company, Appellants.

(241 S. E. (2d) 744)

*Horton, Drawdy, Marchbanks, Chapman & Brown,* of Greenville, *for Appellants,*

*John Bolt Culbertson,* of Greenville, *for Respondent,*

February 15, 1978.

NESS, Justice:

Respondent Victor Rogers claimed additional benefits under South Carolina Workmen's Compensation Law for injuries sustained in a motor vehicle accident occurring in Louisiana in June of 1971. The South Carolina Industrial Commission denied respondent's claim and the circuit court reversed the Commission's opinion. We reverse and reinstate the opinion and award of the Commission.

Following the accident, Rogers was provided medical benefits totaling $1,141.40 and compensation benefits for time lost from work in the amount of $592.86. Rogers filed a tort action in Louisiana against the responsible parties, and subsequently negotiated a settlement of $6,600.00. Appellants sought to be subrogated to the extent of the total benefits paid ($1,734.26) from the settlement proceeds.

The Single Commissioner denied Rogers' claim for additional benefits and ordered him to pay appellants $1,734.26 from the settlement proceeds. The findings and conclusions of the Commissioner were adopted by the Commission except modified to the extent of awarding appellant a valid lien in the amount of $1,734.26 on the proceeds.

Upon Rogers' appeal to the circuit court, the Commission's opinion was reversed and the case remanded for the taking of additional testimony.

Under settled principles the Commission is the fact-finding body in Workmen's Compensation cases, and the court's province is to determine if any competent

evidence exists to support the Commission's findings. *Walker et al. v. City of Columbia et al.,* 247 S. C. 241, 146 S. E. (2d) 856 (1966); *Byrd v. Hanes Corporation et al.,* 262 S. C. 535, 205 S. E. (2d) 825 (1974); *Robinson et al. v. City of Cayce et al.,* 265 S. C. 441, 219 S. E. (2d) 835 (1975).

The Commission found that any disability sustained by Rogers since December 22, 1971 was the result of conditions unrelated to the June, 1971, accident. The record contains medical testimony discounting any connection between Rogers' elevated blood pressure, his hiatal hernia, his ulcer and the 1971 accident. In light of the limited scope of judicial review in workmen's compensation cases, the circuit judge erred in reversing the Commission's opinion denying respondent additional benefits.

The Commission found as a fact that the settlement between Rogers and the culpable Louisiana parties was negotiated without the knowledge, consent or approval of the South Carolina Industrial Commission, and therefore ordered appellants to be reimbursed for the benefits already paid. Section 42-1-560(f), Code of Laws of South Carolina (1976). Inasmuch as the record contains competent testimony substantiating this lack of knowledge, the circuit judge erred in reversing the Commission's award of a lien to appellants. See *Gardner v. City of Columbia Police Department et al.,* 216 S. C. 219, 57 S. E. (2d) 308 (1950); *Stroy v. Millwood Drug Store, Inc. et al.,* 235 S. C. 52, 109 S. E. (2d) 706 (1959).

The record is silent regarding any claim for reduction of the lien by reason of attorneys' fees or expenses incurred in prosecution of the third party claim. Therefore, the carrier is entitled to its full lien.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.