**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lisa Hartman, as Personal Representative of the Estate of John Kevin Hartman, Employee, Appellant,

v.

Horizon Motors, Inc., Employer, and Montgomery Insurance, Carrier, Respondents.

Appellate Case No. 2011-196146

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2012-UP-687
Heard December 12, 2012 – Filed December 28, 2012

---

**AFFIRMED**

---

Alan M. Tanenbaum, of Charleston, for Appellant.

Lynnley Ross, of Willson Jones Carter & Baxley, P.A., of Mount Pleasant, for Respondents.

---

**PER CURIAM:** The Estate of John Kevin Hartman (Hartman) appeals the decision of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel), which reversed the single commissioner's award of benefits for

a work-related injury. On appeal, Hartman argues (1) despite Horizon's[1] admission Hartman's injury was work-related and the presentation of medical evidence establishing causation, the Appellate Panel erroneously denied benefits based upon the testimony of lay witnesses who attacked Hartman's credibility; and (2) the overwhelming weight of the medical evidence supports the findings of the single commissioner. We affirm.

"The Administrative Procedures Act (APA) provides the standard for judicial review of decisions by the [Appellate Panel]." *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010); *accord Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 133-34, 276 S.E.2d 304, 306 (1981). Under the APA, this court can reverse or modify a decision of the Appellate Panel if the substantial rights of the appellant "have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *Transp. Ins. Co. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689-90 (2010); S.C. Code Ann. § 1-23-380(5)(d), (e) (Supp. 2011).

The Appellate Panel is the ultimate factfinder in workers' compensation cases. *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). As a general rule, this court must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence. *Pierre*, 386 S.C. at 540, 689 S.E.2d at 618. "Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached." *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel's] finding from being supported by substantial evidence." *Id.*

First, Hartman argues the Appellate Panel erroneously denied him benefits in reliance upon the testimony of lay witnesses who attacked his credibility, despite Horizon's admission his injury was work-related and the presentation of medical evidence establishing causation. We disagree.

The credibility of witnesses and the weight to be accorded evidence in a workers' compensation matter are reserved to the Appellate Panel. *Shealy*, 341 S.C. at 455,

---

[1] This term collectively refers to Horizon Motors, Inc., and its insurance carrier, Montgomery Insurance.

535 S.E.2d at 442. The Appellate Panel is not limited to considering only expert evidence but may base its determinations upon evidence presented from the injured employee, medical and vocational experts, and lay witnesses. *Sanders v. MeadWestvaco Corp.*, 371 S.C. 284, 291-92, 638 S.E.2d 66, 70 (Ct. App. 2006).

Hartman argues unpersuasively that the issues before the single commissioner and, therefore, the Appellate Panel were medical in nature, only. He further argues credibility determinations are irrelevant in an admitted case. However, contrary to the representation in Hartman's brief that Horizon admitted both the accident and the injury, Horizon's Form 51 admitted only "an injury to the right shoulder which ha[d] resolved" and "denie[d] all other claims." Accordingly, this was an admitted case as to the injury to the right shoulder but a contested case on all remaining issues.

Substantial evidence in the record supports the Appellate Panel's findings concerning Hartman's credibility, and the authority to find facts lies exclusively within the domain of the Appellate Panel. *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442. We disagree with Hartman's contention that his credibility is not relevant in this case. Logic dictates that when only one narrative exists to explain an injury, the credibility of the person offering that explanation is paramount. The claimant's credibility is also central when his medical providers treat him based upon subjective complaints rather than upon the results of objective tests.

In the case at bar, the testimony and arguments Hartman characterizes as immaterial personal attacks are extremely relevant to both causation and the extent of his impairment. First, with regard to causation, Hartman presented an inconsistent accident narrative to his doctors. Doctors Arnau and Lembo, who treated him first, recorded the injury occurred as Hartman was pulling a cord on a blower. Two months later, Hartman wrote on two separate forms that he was injured while "moving equipment" and "starting a weed eater." Next, Dawoan Hughie's testimony directly conflicted with Hartman's claim that he assisted Hughie in pull-starting a gasoline-powered commercial blower. Hughie denied ever using such a machine at Horizon and stated the only similar machine he had used started by means of an electric switch instead of a pull-cord. In addition, Horizon's telephone records contradicted some of the details in Hartman's narrative concerning how and when he reported the accident. With regard to the extent of Hartman's impairment, Horizon presented a statement from Dr. Robinson and the testimony of Lawless indicating Hartman had performed contracting and boat repair work during the time he claimed to have been disabled by pain. Finally, the

incident in which Hartman's son was accused of removing electronics from a repossessed vehicle did not involve any wrongdoing by Hartman, but it suggests he had both a motive and an intent to defraud Horizon using a workers' compensation claim. Viewing any of this evidence in isolation,[2] the Appellate Panel might have assigned it less weight or disregarded it entirely. However, considering all the evidence together, the Appellate Panel found it was significant. Accordingly, the Appellate Panel did not err in considering Hartman's credibility.

Second, Hartman argues the overwhelming weight of the medical evidence supports the findings of the single commissioner. We disagree.

Although medical evidence "is entitled to great respect," the Appellate Panel is not bound by the opinions of medical experts and may disregard medical evidence in favor of other competent evidence in the record. *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011). However, "[w]hile a finding of fact of the [Appellate Panel] will normally be upheld, such a finding may not be based upon surmise, conjecture, or speculation, but must be founded on evidence of sufficient substance to afford a reasonable basis for it." *Edwards v. Pettit Constr. Co., Inc.*, 273 S.C. 576, 579, 257 S.E.2d 754, 755 (1979); *see also Grayson v. Carter Rhoad Furniture*, 317 S.C. 306, 309-10, 454 S.E.2d 320, 322 (1995) (affirming reversal of Appellate Panel's decision, which was not supported by any evidence in the record). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent the [A]ppellate [P]anel's findings from being supported by substantial evidence." *McGriff v. Worsley Cos.*, 376 S.C. 103, 113, 654 S.E.2d 856, 861 (Ct. App. 2007).

The record in this matter is replete with conflicting evidence of the extent of Hartman's impairments and whether or when various parts of Hartman's body reached maximum medical improvement. The evidence also led the single commissioner to question Hartman's truthfulness. As a result, making any definitive findings of fact in this case required the Appellate Panel to endorse some evidence and discard other evidence.[3] The Appellate Panel need not reconcile or

---

[2] We find the evidence addressed above is sufficient to support the Appellate Panel's decision. Therefore, we do not explore the rest of Horizon's arguments and insinuations.

[3] We recognize the apparent inconsistency in this case, that the Appellate Panel awarded Hartman benefits for his right shoulder but not for the other injuries that purportedly resulted from the same accident. However, it appears the Appellate

discredit conflicting evidence before it but, rather, need only find facts that are supported by substantial evidence. *See id.* (recognizing the evidence may support inconsistent conclusions).

We find the Appellate Panel properly awarded Hartman benefits for the injury to his right shoulder, which Horizon admitted. The Appellate Panel looked to the treatment notes and opinions of Dr. Ernst, an orthopaedist, for substantial evidence concerning that injury. In view of the Appellate Panel's concerns about Hartman's credibility, we note Dr. Ernst's treatment relied heavily upon objective tests rather than the patient's subjective complaints. Dr. Ernst first evaluated Hartman on July 15, 2009, and referred him to Dr. Aymond for pain management. As part of his treatment of Hartman, Dr. Ernst reviewed x-rays, an MRI of the right shoulder, and a three-phase bone scan, none of which revealed significant problems. Upon releasing Hartman from his care in October 2009, Dr. Ernst made detailed findings and assigned him a 2% permanent partial impairment to the right upper extremity. Accordingly, substantial evidence supported the Appellate Panel's findings and award of benefits.

With regard to injuries to the neck and other body parts, the record reflects the Appellate Panel denied compensability but did not find Hartman had failed to prove other injuries. Instead, it extensively reviewed the statements, reports, and testimony he gave throughout the course of his treatment and his workers' compensation claim and found they were so inconsistent that they lacked credibility. As a result, the Appellate Panel gave the greatest weight to the evidence that relied the least upon Hartman's subjective complaints. Because substantial evidence in the record supports the Appellate Panel's findings, we see no error. Accordingly, the decision of the Appellate Panel is

**AFFIRMED.**

**HUFF and GEATHERS, JJ., and CURETON, A.J., concur.**

---

Panel based this decision upon Horizon's actions and not Hartman's proof. The Appellate Panel awarded Hartman permanent partial disability for the impairment to his right shoulder solely because Horizon had admitted the injury and provided benefits for it.